# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| TWILVER AND OCIE THOMPSON, | § § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 5:18-CV-00069-JRG |
| v. | § § | |
| WELLS FARGO UA HOLDINGS, INC., | § § § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Twilver and Ocie Thompson's Motion to Remand ("the Motion") (Dkt. No. 9). Having considered the Motion and the relevant authorities, the Court finds that the Motion should be **GRANTED** for the reasons set forth below.

### I. BACKGROUND

On September 11, 2017, Defendant Wells Fargo USA Holdings, Inc. ("Wells Fargo" or "Defendant") filed suit in Texas state court to judicially foreclose its home equity loan against Plaintiffs Twilver and Ocie Thompson's ("Plaintiffs" or "the Thompsons") homestead. (Dkt. No. 9-2.) On January 5, 2018, the Texas state district court entered an Agreed Order Allowing Foreclosure, which allowed Defendant to proceed with foreclosure of its lien against the property, but not before April 3, 2018. (Dkt. No. 9-3.)

On March 3, 2018, Twilver and Ocie Thompson filed this action against Wells Fargo USA Holdings, Inc., in the 76th District Court of Titus County, Texas. (Dkt. No. 1-5, Pls.' Original Petition.) By way of their Original Petition, the Thompsons seek an accounting of their loan with

the Defendant and a declaration of the remaining balance of their loan after all due credits have been applied. (*Id*. at 5.)

On May 10, 2018, Defendant removed this action to federal court, contending that, as required by 28 U.S.C. § 1332(a), complete diversity of citizenship exists between the parties and the amount-in-controversy, exclusive of interest and costs, exceeds $75,000. (Dkt. No. 1)

Countering removal, Plaintiffs filed the instant Motion to Remand on June 4, 2018, asserting that Defendant has not met its burden to show that the amount-in-controversy requirement has been satisfied. (Dkt. No. 9.) In addition to seeking a remand of this case to Texas state court, Plaintiffs seek to recover costs, expenses, and attorney's fees because Defendant's removal of this case was not "objectively reasonable." (*Id*. at 3.)

## II. APPLICABLE LAW

Under Section 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Here, the primary inquiry in determining the propriety of removal is whether the Court has original jurisdiction over the action.

### A. Diversity Jurisdiction

Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) requires "complete diversity" of citizenship, meaning that no plaintiff and no defendant are citizens of the same state. *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). For natural persons who are United States citizens, citizenship is determined by that person's

domicile, which is defined as the person's residency coupled with an intention to remain for an unlimited time. *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985) (citing *Mitchell v. United States*, 88 U.S. 350, 352 (1875)). For corporations, citizenship is deemed to be the state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010).

With respect to the amount in controversy, there are two ways to demonstrate that the jurisdictional amount has been satisfied: (1) when the amount is apparent from the face of the petition; or (2) if the amount is not apparent from the face of the petition, the defendant must introduce other evidence to show that the amount more than likely exceeds $75,000. *See St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). When the amount in controversy is not apparent on the face of the petition, the removing defendant must show by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional minimum. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003).

For purposes of calculating the amount in controversy, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013). Therefore, "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id*. The court may also consider actual damages, exemplary damages, and attorney fees in determining the amount in controversy. *See White*, 319 F.3d at 675–76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7.

"Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d

720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). When a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction.

**III.   DISCUSSION**

Since Plaintiffs' original action sought an accounting and a declaration of the amount owed on a loan, the amount-in-controversy in this case is "measured by the valued of the object of the litigation." *Farkas.* 737 F.3d at 341. Here, the Parties dispute what constitutes the object of the present litigation.

Defendant takes the position that "[t]he substance of the Plaintiffs' lawsuit is to enjoin Defendant from foreclosing on their home." (Dkt. No. 10 at 2 (citing to Pls' Original Petition invoking Tex. R. Civ. P. 736.11, which provides an automatic stay when a party files a lawsuit that "puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed").) Defendants assert that, because Plaintiffs seek to prevent Defendant from foreclosing on the Property, Plaintiffs' action is "an action[] enjoining a lender from transferring property and preserving an individual's ownership interest." (*Id.* at 3 (citing to *Farkas*, 737 F.3d at 341).) In such an action, according to the Defendants, the Fifth Circuit has found that "the value of that property represent the amount[-]in[-]controversy for the purposes of diversity jurisdiction." (*Id.*) According to the Titus County Appraisal District, the current appraised value of the property is $189,890.00, which satisfies the amount-in-controversy requirement. (*Id.*)

In addition, Defendant argues that, because Plaintiffs seek attorney's fees, the amount of the attorney's fee "are included in the amount in controversy calculus." (*Id.*) Once these fees are

4

included, "it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs." (*Id.*)

In response, Plaintiffs argue that that "Defendant's position ignores that the parties agreed on an order of foreclosure in the first case and this case merely asks the Court to establish the amount owed," which has not been determined, "thus the request for an accounting." (Dkt. No. 9 at 3.) From the "Plaintiffs' perspective[,] it is impossible to allege an amount in controversy." (*Id.*)

The Court finds Defendant's arguments to be unavailing. First, Defendant does not argue that the amount-in-controversy is apparent on the face of the Original Petition. Instead, Defendant relies on the value of property (which exceeds $75,000) that is related to this case. However, the Plaintiffs do not seek to enjoin Defendant from proceeding with foreclosure as Defendant claims, nor do they seek to maintain rights in the property. Rather, the foreclosure is merely stayed during the pendency of this lawsuit and will proceed after the pendency of this action. Whether that was Plaintiffs' actual goal is irrelevant. In this case, the only relief Plaintiffs can be awarded is an accounting and a declaration of the amount owed on their loan. That is the object of the litigation.

Additionally, the cases which Defendant cites in support of removal are distinguishable in that such cases *actually* sought to prevent the foreclosure of property or maintain rights in the property. *Nationstar Mortg. LLC v. Knox*, 351 F. App'x. 844, 848 (5th Cir. 2009) ("In addition to $70,000 in monetary damages, the Knoxes sought rescission and cancellation of the deed of trust, cancellation and removal of clouds from title, and a preliminary and permanent injunction against Nationstar to prohibit it from proceeding with foreclosure."); *Alsobrook v. GMAC Mortg., L.L.C.*, 541 F. App'x. 340, 341 (5th Cir. 2013) ("On February 28, 2011, Alsobrook filed a petition in state court to enjoin the March 1, 2011, foreclosure sale."); *Copeland v. U.S. Bank Nat. Ass'n*, 485 F.

App'x. 8, 9 (5th Cir. 2012) ("A homeowner claiming that the non-judicial foreclosure of her property violated Texas law initiated suit in state court. She sought damages and to void the foreclosure."); *Bardwell v. BAC Home Loans Servicing, LP*, 3:11-CV-1002-B, 2011 WL 4346328, at *1 (N.D. Tex. Sept. 16, 2011) ("Bardwell then filed her Original Petition in state court on April 29, 2011, seeking declaratory relief pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, declaring that Defendants are forever barred by res judicata and estoppel by judgment from foreclosing their claim in the Property, and quieting title to the Property in Bardwell."); *Martinez v. BAC Home Loans Servicing, LP*, 777 F. Supp. 2d 1039, 1043 (W.D. Tex. 2010) ("Plaintiff in this case is seeking to enjoin the defendant from foreclosing his home and as a result is seeking to protect his rights to his property not his right to home equity."); *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) ("Farkas' claimed injury was the potential loss of use and ownership of the properties.")

Although not cited by the Parties, the court finds *Daniels v. Compass Bank* to be instructive. 3:14-CV-1746-L, 2014 WL 5483009 (N.D. Tex. Oct. 30, 2014). In *Daniels*, the plaintiff sought a declaration from the court as to the balance owed on a loan and a mandatory injunction requiring the defendant to accept payment of the amount the court declares that is owed to satisfy the loan. *Id*. at *3. "[The plaintiff did] not question the validity of a contract, call into question the right to the property in its entirety, or seek to enjoin foreclosure proceedings." *Id*. Rather, the plaintiff sought "a judicial declaration and mandatory injunction because she dispute[d] the amount of the remaining balance of the loan and wants to avoid or prevent further injury, or loss to her." *Id*. The court held that it was "the balance owed, not the value of the property that [was] the object of litigation and determines the amount in controversy." *Id*.

As in *Daniels*, the Plaintiffs here seek merely an accounting and then a resulting declaration of what remains owed on this loan. Defendant provides no evidence of the net amount Plaintiffs owe on the instant loan. Instead, Defendant relies only on the value of the property. Without more before it, the Court cannot find that the Defendant has proved by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. Further, "[a]ny doubts as to the propriety of removal should be construed strictly in favor of remand." *Daniels*, 2014 WL 5483009, *2 (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

Plaintiffs also seek attorney's fees in this case. While attorney's fees may be included in determining the amount-in-controversy when permitted by statute or by contract, *Graham v. Henegar*, 640 F.2d 732, 735 (5th Cir. 1981), Defendant has not provided to the Court any probative information as to the amount of attorney's fees. "[T]hus, the Court has no monetary amount for attorney's fees that could be added to the value of the object of the litigation to meet the amount-in-controversy requirement." *Daniels*, 2014 WL 5483009, *3.

While there is much doubt as to the propriety of removal in this case, the Court does not find the Defendant's removal lacks objective reasonableness.[1]

### IV. CONCLUSION

Accordingly, the Court hereby **GRANTS** Plaintiffs' Motion and **REMANDS** the case to the 76th Texas State District Court in Titus County, Texas.

---

[1] "[C]ourts may award attorney's fees when the removing party lacks an objectively reasonable basis for removal." *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010).

**So ORDERED and SIGNED this 5th day of September, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE